UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Darnell Price, | ) | |
| | ) | |
| | ) | **O R D E R** |
| Plaintiff, | ) | **(Denying Motion for Summary** |
| | ) | **Judgment)** |
| | ) | |
| Carolyn Montgomery, individually and in her | ) | |
| official capacity as City Manager, and | ) | |
| Town of Atlantic Beach, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Darnell Price initiated this action on November 29, 2005, alleging under 42 U.S.C. § 1983 that the defendants, Town of Atlantic Beach and its City Manager, Carolyn Montgomery violated his rights to freely exercise his religion under the First Amendment and his rights against unlawful seizure of his person protected by the Fourth Amendment. The Complaint also alleges a cause of action for common law malicious prosecution. Defendants filed an Answer on October 20, 2006.

Defendants filed a Motion to Dismiss or for Summary Judgment on July 5, 2007 with attached portions of depositions and other parts of the record. The plaintiff filed a response to the motion with attached affidavit of Darnell Price on August 15, 2007. Defendants filed a Reply on August 22, 2007.[1]

**Facts**

Plaintiff alleges that he was issued three tickets by an officer of the Town for violation of town ordinances. He further alleges that the tickets were dismissed when he went to court concerning them.

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

1

Plaintiff further alleges that he is a member of the Atlantic Beach CME Mission Church and that the tickets were issued to him at the direction of defendant Montgomery in an effort to interfere with his worship at the church.

## Summary Judgment Standard

Defendant filed its motion for summary judgment pursuant to Rule 56, Fed. R. Civ.P. The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56,Fed.R.Civ.P; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. *Celotex*, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine issue for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The evidence relied upon must meet "the substantive evidentiary standard of proof that would apply at trial on the merits." *Mitchell v. Data General Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993).

**Res Judicata**

Defendants first contend in their motion for summary judgment that the plaintiff's entire case is barred by the doctrine of *res judicata*. They take the position that, since the plaintiff was a party for a period of time in the action between the Christian Methodist Episcopal Church and the Town of Atlantic Beach, (C/A #4:04-22322), he is precluded from pursuing this action. The Court disagrees. The other lawsuit concerned the alleged actions by the defendants toward the church and not toward Mr. Price individually. Price was briefly joined as a party as a member of the congregation. The damages sought were for the adverse effect on the growth of the church and not damages by any individual plaintiffs. The individual plaintiffs were subsequently dismissed as improper parties by the Court[2] since the Amended Complaint in the action did not allege any damages or claims by those parties individually but only by the church. Additionally, the instant case by plaintiff Darnell Price was already filed and ongoing before he was made a party in the first lawsuit and then dismissed. The individual claim of Mr. Price was in no way adjudicated in the lawsuit involving the church. The settlement agreement[3] in Civil Action No. 4:04-22322 in no way referenced the individual lawsuit of Mr. Price, although it was defended by the same law firm.

Therefore, the doctrine of *res judicata* does not apply. *See Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)("For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.").

---

[2] *See* Order granting Partial Summary Judgment in *Christian Methodist Episcopal Church v. Montgomery, et al*, Civil Action No. 4:04-cv-22322-RBH, Docket Entry #88, page 21-22.

[3] Docket Entry #36-11.

**Fourth Amendment Claim**

Defendants next contend that summary judgment should be granted on Price's Fourth Amendment claim brought pursuant to 42 U.S.C. § 1983 on the basis that he has not alleged any facts showing that he was unlawfully seized by the Town or that he suffered damages. Defendant contends that the requirement that an individual appear in court does not constitute a seizure under Fourth Amendment law, citing *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005). The Fourth Circuit in *Burrell* found that it is unnecessary to decide whether issuance of a summons constitutes a seizure under the Fourth Amendment because the officers in that case possessed probable cause to issue the summons.[4] Likewise, it is not necessary for the Court to decide the issue in the case at bar in light of the averments in the plaintiff's affidavit wherein he indicates more than just having to appear in court on the tickets but that he was stopped in a traffic stop and placed in the back of a patrol car.

Defendants argue in their Reply to the Response to the Motion for Summary Judgment that the Court should not consider the plaintiff's affidavit since it was filed late and also that it contradicts plaintiff's deposition testimony. The Court finds that the affidavit was not submitted late. Fed. R. Civ. P. 56(c) provides that "the adverse party prior to the day of hearing may serve opposing affidavits." This matter was not scheduled for oral argument, but the affidavit was filed on August 15, 2007 with the plaintiff's response to the motion for summary judgment. Therefore, it is timely.[5] The Court further finds that the affidavit does not necessarily contradict the statements made by the plaintiff in his deposition. Although some of the plaintiff's deposition testimony is difficult to understand, the

---

[4] *Burrell*, 395 F.3d at n. 6.

[5] Defendants argue that the affidavit should not be considered because it was not produced in discovery. This argument lacks merit, as Fed. R. Civ. P. 56 obviously allows parties to file affidavits in response to a motion for summary judgment.

4

Court cannot find with certainty that the affidavit definitely contradicts the testimony. It arguably merely further explains the testimony. Therefore, it will be considered. However, defendants can certainly argue the alleged inconsistency to a jury.

Plaintiff states in his affidavit that he was driving in the Town on May 15, 2004 and that he saw a blue light in his rear view mirror. After he stopped his vehicle, he was ordered to sit in the back of the police car and the officer gave him the three tickets involved in this case. He states: "I felt my liberty and freedom of movement were restrained. I was not free to go or come as I pleased, but was restricted by the orders of Defendants' officer. I was confined in the backseat of his patrol car, while and until he gave me the three summonses, at which time I was allowed to leave." (Affidavit of Darnell Price, Docket Entry #48-2). "A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer, by means of physical force or show of authority, terminates or restrains his freedom of movement, *through means intentionally applied*." *Henry v. Purnell*, 501 F.3d 374, 380 (4th Cir. 2007), citing *Brendlin v. California*, 127 S.Ct. 2400, 2405 (2007). *See Delaware v. Prouse*, 440 U. S. 648, 653 (1979)(traffic stop is a seizure of the driver "even though the purpose of the stop is limited and the resulting detention is brief."). *See also*, *Colorado v. Bannister*, 449 U.S. 1 (1980); *Berkemer v. McCarty*, 468 U.S. 420 (1984). The Court accordingly finds that there are sufficient factual issues regarding plaintiff's alleged seizure to go to the jury. The Court also finds based on the affidavit and the plaintiff's deposition testimony that there is sufficient evidence of damages at this juncture.[6]

---

[6] Section 1983 creates "a species of tort liability in favor of persons who are deprived of rights, privileges, or immunities secured to them by the Constitution." *Randall v. Prince George's County, Md.*, 302 F.3d 188, 208 (4th Cir. 2002), *citing Carey v. Piphus*, 435 U.S. 247, 253 (1978). "As such, 'when § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts." *Id.*, *citing Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 306(1986). In order to receive

5

**First Amendment Free Exercise of Religion**

In order to prevail under Section 1983 under the Free Exercise Clause, plaintiffs must present evidence of "conscious or intentional interference" with their free exercise of religion. *Lovelace v. Lee*, 472 F.3d 174 (4th Cir. 2006). Viewing the evidence in the light most favorable to the plaintiffs, as required by the standard on motion for summary judgment, the Court finds that there are sufficient factual issues as to whether the defendants intentionally interfered with the plaintiffs' free exercise of religion. The motion for summary judgment is accordingly denied.

**Potential Liability of Town of Atlantic Beach**

Local governments may be sued as persons under Section 1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover. . . local governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's decisionmaking channels." *Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). Under *Monell*, government liability attaches when the alleged injury results from "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy. . ." *Id*. at 694. A single decision by an official with policymaking authority may be attributed to the government itself. *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986); *Board of County Comm'rs v. Brown*, 520 U.S. 397 (1997); *Jones v. Wellham*, 104 F.3d 620, 625 (4th Cir. 1997).

In the case at bar, the plaintiffs have named defendant Montgomery, the city manager in her

---

compensatory damages, Plaintiff must prove that he suffered actual injury, which may include humiliation and "demonstrable" emotional distress. *Id*. The Court cannot determine at this time whether the plaintiff will have sufficient evidence to prove compensatory damages as opposed to nominal damages. *See Norwood v. Bain*, 166 F.3d 243, 245 (4th Cir. 1999).

official and individual capacities. The evidence in the case at bar raises issues of fact as to whether any constitutional injury resulted from a governmental policy and whether the decisions by Montgomery constituted official policy.

## Qualified Immunity

The defendants also assert that Montgomery is entitled to the defense of qualified immunity as a matter of law. In determining whether qualified immunity is available as a defense, a two-step analysis applies: (1) whether the facts taken in a light most favorable to the plaintiff shows a violation by the individual of a constitutional right, and (2) whether that right was clearly established at the time of the alleged violation. *Lovelace*, 472 F.3d at 197. Since the facts in the instant case taken in a light most favorable to the plaintiffs support at least an inference that the defendants acted intentionally in denying plaintiff his free exercise rights and his rights against illegal seizure, which were clearly established, the Court refuses to grant Montgomery summary judgment on the basis of qualified immunity.

## Malicious Prosecution

Finally, the defendants assert that summary judgment should be granted on the state common law claim for malicious prosecution. Defendants contend that there is no evidence that they maliciously instituted the proceedings against the plaintiff and that probable cause existed as a matter of law. However, although the record contains evidence in favor of the defendants that the plaintiff was performing construction work without a permit and that such violated the town's ordinances, the Court finds that the plaintiff has presented sufficient evidence to warrant denying summary judgment. Malice is defined as "the deliberate intentional doing of an act without just cause or excuse." Malice "may be implied where the evidence reveals a disregard of the consequences of an injurious act, without reference to any special injury that may be inflicted on another person."*Law v. South Carolina*

7

*Department of Corrections*, 368 S.C. 424, 629 S.E.2d 642, 649 (2006).  If a jury finds, based upon evidence presented, that defendant Montgomery's purpose in allegedly instructing subordinates to issue the tickets was to violate plaintiff's right to exercise his religion, then the jury could also find that malice existed in connection with the issuance of the tickets.  As to the element of probable cause, this issue is normally for the jury to resolve.  *See Parrott v. Plowden Motor Co*, 246 S.C. 318, 143 S.E.2d 607, 609 (1965). Under the facts alleged, the Court denies the motion for summary judgment on the claim for malicious prosecution.[7]

## Conclusion

The motion for summary judgment is accordingly **DENIED**.

**AND IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

December 7, 2007
Florence, South Carolina

---

[7] Although an employee who commits a state common law tort within the scope of her employment is normally protected from individual liability under section 15-78-70(a) of the South Carolina Tort Claims Act, subsection (b) of the statute provides that the employee is not immune from suit where she acts outside the scope of employment or with "actual malice".  Therefore, Montgomery is not immune from liability under the Tort Claims Act. As to the Town, the defendants have not asserted in their Answer or in their summary judgment filings that it is not liable for malicious prosecution under any exception to the general waiver of immunity under the South Carolina Tort Claims Act.  *See*, *e.g.*, S.C. Code Ann. § 15-78-60(17), which provides that governmental entities are not liable for employee conduct that constitutes "actual malice."  The defense of sovereign immunity is an affirmative defense which may be waived by failure to plead it.  *Washington v. Whitaker*, 317 S.C. 108, 451 S.E.2d 894 (1994); *Niver v. South Carolina Department of Hwys and Pub. Transportation*, 302 S.C. 461, 395 S.E.2d 728 (Ct. App. 1990).